Jason M. Ingber (SBN 318323)
**LEVI & KORSINSKY, LLP**
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010-2513
Telephone: (213) 805-8373
Email: jingber@zlk.com

[Additional Counsel on Signature Page]

*Attorney for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER HOLLON, on behalf of himself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>STRATEGIC FUNDING GROUP LLC, d/b/a Consolifi USA,<br><br>Defendant. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1. Christopher Hollon ("Plaintiff") brings this class action against Strategic Funding Group LLC d/b/a Consolifi USA ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Federal Communications Commission regulations promulgated thereunder.

2. The TCPA's implementing regulations, 47 C.F.R. § 64.1200(c)(2), prohibit telephone solicitations to residential subscribers whose numbers are registered on the National Do Not Call Registry, subject to applicable exemptions and permissions.

3. The TCPA's implementing regulations, 47 C.F.R. § 64.1200(d), prohibit initiating any call for telemarketing purposes to a residential telephone subscriber unless the caller has instituted procedures for maintaining a list of persons who request not to receive such calls, including a written policy, training of personnel, and recording and honoring do-not-call requests within a reasonable time.

4. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c)(2) and 47 C.F.R. § 64.1200(d) by sending, or causing to be sent, unsolicited telemarketing text messages to cellular telephone numbers registered on the National Do Not Call Registry, and by continuing to send such messages to consumers who have asked it to stop.

5. Upon information and good faith belief, Defendant, as a matter of pattern and practice, sends or causes to be sent telephone solicitations to numbers on the National Do Not Call Registry and fails to honor consumers' requests to stop receiving solicitations.

6. Plaintiff placed his cellular number on the National Do Not Call Registry in 2010. In May 2026, Defendant began sending him text messages promoting a personal loan he never applied for, and he replied "STOP." Defendant subsequently sent at least ten text messages promoting personal loans between September 14 and September 25, 2026.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in the State of California.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## PARTIES

10. Plaintiff is a natural person who at all times relevant resided in the State of Kansas.

11. Defendant is a business entity with headquarters located at 18004 Skypark Circle #200B, Irvine, CA 92614.

12. Upon information and good faith belief, Defendant sent the text messages described below, or caused them to be sent, directly or through vendors, marketers, or other persons acting on its behalf.

## FACTUAL ALLEGATIONS

13. Plaintiff is, and at all relevant times has been, the subscriber to, and sole and customary user of, the cellular telephone number (XXX) XXX-2988.

14. Plaintiff uses telephone number (XXX) XXX-2988 for personal and residential purposes and as his primary telephone number and substitute to a landline.

15. Plaintiff is a residential subscriber to telephone number (XXX) XXX-2988.

16. Plaintiff does not use telephone number (XXX) XXX-2988 for business purposes.

17. Plaintiff registered telephone number (XXX) XXX-2988 on the National Do Not Call Registry on September 28, 2010, and it has remained on the Registry continuously since then.

18. Plaintiff has never applied for nor inquired about a loan from Defendant.

19. Defendant, or persons acting on its behalf, sent repeated texts to Plaintiff from short code 40158 and identified the sender as "Consolifi" or "Lexi from Consolifi[.]"

20. The texts provided callback number (316) 375-4993.

21. When dialed, calls to (316) 375-4993 connect to Defendant and Defendant plays the greeting “This is Consolifi. We are reaching out because we sent you a letter in the mail about being preapproved for a loan for emergency expenses or to pay off high interest credit cards. Press 1 now to hear your options, or press 9 to be removed.”

22. Plaintiff never received a letter from Defendant about being preapproved for a loan, which he never applied for nor inquired about.

23. On May 11, 2026, at approximately 10:24 a.m., Defendant sent or caused to be sent a text message to Plaintiff stating: “Hi Chris, Lexi here from Consolifi. I am following up on your personal loan request for $50,000. Txt END to opt out. If you no longer need the $50,000 just let me know. Otherwise, do you have a few minutes now to talk? You can also reach us by calling (316) 375-4993[.]”

24. On May 14, 2026, at approximately 11:13 a.m., Defendant sent or caused to be sent a text message to Plaintiff stating: “Hi Chris, Can I call you now to go over your $50,000 personal loan? Or call us at (316) 375-4993. If you no longer need it, just let me know. I appreciate it[.]”

25. On May 19, 2026, at approximately 9:56 a.m., Defendant sent or caused to be sent a text message to Plaintiff stating: “Hi Chris. Let me know if you no longer need $50,000, otherwise have a few minutes now to discuss? You can also call at (316) 375-4993 to connect with us.”

26. On May 22, 2026, at approximately 3:14 p.m., Defendant sent or caused to be sent a text message to Plaintiff stating: “Chris, this is Lexi from Consolifi. Still need the $50,000 loan? Free to discuss now? Or call (316) 375-4993 when convenient.”

27. On May 29, 2026, at approximately 1:23 p.m., Defendant sent or caused to be sent a text message to Plaintiff stating: “Hi Chris, this is Lexi from

Consolifi. Would now be a better time to go over your options? Or you can also reach us -(316) 375-4993[.]"

28. The text messages Defendant sent on May 11, 14, 19, 22, and 29, 2026, were all sent from the same short code and used the same format.

29. On May 29, 2026, at approximately 1:23 p.m., Plaintiff replied "STOP" to Defendant's May 29, 2026 text message.

30. "STOP" is a standard and widely recognized instruction to cease text communications, and Defendant's May 11 and September 14, 2026 text messages invited recipients to opt out by text.

31. More than three months later, on September 14, 2026, at approximately 6:31 p.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Hi Chris, Lexi here from Consolifi. I am following up on your personal loan request for $50,000. Txt END to opt out. If you no longer need the $50,000 just let me know. Otherwise, do you have a few minutes now to talk? You can also reach us by calling (316) 375-4993[.]"

32. On September 15, 2026, at approximately 10:43 a.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Hi Chris, Can I call you now to go over your $50,000 personal loan? Or call us at (316) 375-4993. If you no longer need it, just let me know. I appreciate it[.]"

33. On September 16, 2026, at approximately 3:07 p.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Hi Chris, do you have time now for a quick call? If not, call (316) 375-4993 when you can. If a $50,000 loan isn't needed, let me know."

34. On September 17, 2026, at approximately 11:21 a.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Hi Chris, Let me know if you no longer need $50,000, otherwise have a few minutes now to discuss? You can also call at (316) 375-4993 to connect with us."

35. On September 18, 2026, at approximately 4:08 p.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Chris, this is Lexi from Consolifi. Still need the $50,000 loan? Free to discuss now? Or call (316) 375-4993 when convenient."

36. On September 21, 2026, at approximately 2:07 p.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Hi Chris, this is Consolifi to review options for your $50,000 personal loan. Is now a better time for a quick call? Or you can also reach us on (316) 375-4993[.]"

37. On September 22, 2026, at approximately 4:26 p.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Chris, following up from Consolifi. Still exploring $50,000 loan options? Let's talk briefly now or call (316) 375-4993 when you can."

38. On September 23, 2026, at approximately 3:30 p.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Hi Chris, this is Lexi from Consolifi. Would now be a better time to go over your options? Or you can also reach us -(316) 375-4993[.]"

39. On September 24, 2026, at approximately 11:15 a.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Hi Chris. Would now be a better time to go over your options? Or you can reach us -(316) 375-4993[.]"

40. On September 25, 2026, at approximately 10:10 a.m., Defendant sent or caused to be sent a text message to Plaintiff stating: "Hi Chris, this is Lexi from Consolifi. There may be some lower-rate personal loan options available to you now. Can I call you to review? Or you can call us (316) 375-4993[.]"

41. In total, Defendant sent or caused to be sent at least fifteen text messages to Plaintiff's number.

42. Each text message promoted the availability of personal loans, encouraged Plaintiff to obtain financial services, and was sent for the purpose of

encouraging Plaintiff to obtain a personal loan or other financial services from Defendant.

43. Plaintiff received and read Defendant's text messages.

44. Plaintiff never applied for, requested, or inquired about a loan from Defendant, and never submitted a loan request, application, or inquiry to Defendant or to any website, lead generator, or other third party for Defendant.

45. Plaintiff did not provide his telephone number to Defendant.

46. Defendant did not obtain the number from Plaintiff.

47. Plaintiff is not, and never was, a customer or accountholder of Defendant, and had no business relationship of any kind with Defendant.

48. Plaintiff did not give Defendant prior express invitation, permission, or consent to send him any solicitation, and Defendant did not obtain it.

49. Plaintiff did not give Defendant prior express invitation, permission, or consent to send him any solicitation, at any time, including by replying "START" or otherwise after he replied "STOP" on May 29, 2026, and Defendant did not obtain it.

50. Defendant sent, or caused to be sent, each text message despite telephone number (XXX) XXX-2988 being registered on the National Do Not Call Registry.

51. The "personal loan request" referenced in Defendant's texts was not made by Plaintiff.

52. Defendant sent, or caused to be sent, each text voluntarily and of its own free will.

53. Defendant knew it was sending text messages to Plaintiff's number.

54. Defendant had the ability to honor Plaintiff's STOP request.

55. Despite Plaintiff's request, Defendant sent at least ten text messages between September 14 and September 25, 2026.

56. Upon information and good faith belief, Defendant's systems failed to record Plaintiff's opt-out, or failed to apply it, when Defendant resumed texting Plaintiff on September 14, 2026.

57. Upon information and good faith belief, Defendant did not maintain, or did not implement, a written policy and procedures for maintaining a do-not-call list, did not train its personnel and any persons acting on its behalf in those procedures, and failed to record and honor Plaintiff's request.

58. Defendant's violations were knowing or willful. Defendant's May 11 and September 14, 2026 text messages invited recipients to opt out by text, yet Defendant continued sending marketing text messages to Plaintiff after he replied "STOP[.]"

59. Plaintiff suffered actual harm from the text messages, including an invasion of privacy, an intrusion into his life, and a private nuisance.

60. Plaintiff found the text messages, particularly those sent after he asked Defendant to stop, irritating and invasive.

61. Defendant's records, and those of persons acting on its behalf, will identify each text message sent to Plaintiff, the recipients of its text messages, the content and timing of each message, and each opt-out request received.

62. Upon information and good faith belief, Defendant, as a matter of pattern and practice, sends, or causes to be sent, solicitation text messages to persons whose telephone numbers are registered on the National Do Not Call Registry, and to persons who have replied STOP or otherwise asked Defendant to stop sending text messages.

## CLASS ACTION ALLEGATIONS

63. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as the representative of the following classes:

> *National Do Not Call Class*: All persons in the United States (1) to whom Defendant sent, or caused to be sent, more than one text message within any 12-month period advertising or promoting its goods or services, (2) directed to a cellular telephone number used for residential purposes that had been registered on the National Do Not Call Registry for at least 31 days before the first such message, (3) who were not listed in Defendant's records as an accountholder or applicant, (4) from four years prior to the filing of this complaint through the date of class certification.

> *Internal Do Not Call Class*: All persons in the United States (1) who asked Defendant, by text message or otherwise, to stop sending them text messages, (2) who did not thereafter reply "START" or otherwise opt back in to receiving text messages from Defendant, (3) to whom Defendant thereafter sent, or caused to be sent, more than one text message advertising or promoting its goods or services within any 12-month period, each more than thirty (30) days after that request if the request was made before April 11, 2025, or more than ten (10) business days after the request if made on or after that date, (4) directed to a cellular telephone number used for residential purposes, (5) from four years prior to the filing of this complaint through the date of class certification.

64. Excluded from the Classes are Defendant, its officers, directors, and employees, and the immediate family members, legal representatives, heirs, successors, and assigns of any of them, any entity in which Defendant has or had a controlling interest, the judge assigned to this action and the judge's immediate family, and any person who timely elects to be excluded.

65. *Numerosity.* The members of each Class are so numerous that joinder is impracticable. The exact number is unknown to Plaintiff and can be determined

only through discovery, but upon information and good faith belief, Defendant sends text messages to hundreds, if not thousands, of consumers using templated messages sent in bulk.

66. *Ascertainability.* The Classes are defined by objective criteria. Class members can be identified from Defendant's records and those of persons acting on its behalf, including text-message logs, opt-out and suppression records, and consent records, together with the National Do Not Call Registry data.

67. *Typicality.* Plaintiff's claims are typical of the claims of the Classes. Like every member of the National Do Not Call Class, Plaintiff received more than one solicitation text from Defendant on a cellular telephone number registered on the National Do Not Call Registry. Like every member of the Internal Do Not Call Class, after asking Defendant to stop, Plaintiff received more than one solicitation text from Defendant. Plaintiff's claims arise from the same conduct, practice, and procedure as the claims of the Classes and rest on the same legal theories.

68. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Classes. His interests are not antagonistic to theirs, he will vigorously pursue their claims, and he has retained counsel experienced in class action and consumer protection litigation, including under the TCPA, who will vigorously pursue this matter.

69. *Commonality and predominance.* Questions of law and fact common to the Classes predominate over any individual questions, including:

a. whether Defendant sent or caused to be sent text messages to Plaintiff and Class members;
b. whether those messages were telephone solicitations;
c. whether text messages are "telephone calls" under 47 U.S.C. § 227(c)(5);

d. whether the numbers messaged were on the National Do Not Call Registry;

e. whether Defendant had prior express invitation or permission or an established business relationship with recipients;

f. whether Defendant maintained and implemented the written policy and procedures required by 47 C.F.R. § 64.1200(d);

g. whether Defendant honored requests to stop;

h. Defendant's conduct, pattern, and practice with respect to sending solicitations to registered numbers and failing to honor opt-outs;

i. whether Defendant's violations were knowing or willful; and

j. the availability of statutory damages and injunctive relief.

70. *Superiority*. A class action is superior to other available methods of adjudication because:

a. individual Class members' damages are likely small relative to the cost of individual litigation;

b. the claims require proof of the same material facts and legal theories;

c. individual actions risk inconsistent or varying adjudications and incompatible standards of conduct for Defendant;

d. individual adjudications could, as a practical matter, impair other members' ability to protect their interests; and

e. concentrating the claims in one forum promotes efficiency, and Plaintiff foresees no unusual difficulty in managing this action as a class action.

71. Defendant acted or refused to act on grounds generally applicable to the Classes, making final injunctive and declaratory relief appropriate under Rule 23(b)(2).

**COUNT I**

**Defendant Violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)**

72. Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1 through 71 as if fully set forth herein.

73. Defendant violated 47 C.F.R. § 64.1200(c)(2) by sending, or causing to be sent, more than one telephone solicitation text message within a 12-month period to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the National Do Not Call Class, while those numbers were registered on the National Do Not Call Registry.

74. As a result of Defendant's violations of 47 C.F.R. § 64.1200(c)(2), Plaintiff and the members of the National Do Not Call Class are entitled to damages under 47 U.S.C. § 227(c)(5) in an amount to be proven at trial.

**COUNT II**

**Defendant Violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)**

75. Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1 through 71 as if fully set forth herein.

76. Defendant violated 47 C.F.R. § 64.1200(d) by sending, or causing to be sent, more than one telephone solicitation text message within a 12-month period to Plaintiff's cellular telephone number, and to the cellular telephone numbers of the members of the Internal Do Not Call Class, after they asked Defendant to stop and after the time permitted to honor those requests had passed.

77. Upon information and good faith belief, based on the foregoing, Defendant also failed to (a) maintain a written policy and procedures for maintaining a do-not-call list, and (b) train its personnel and those acting on its behalf in those procedures.

78. As a result of Defendant's violations of 47 C.F.R. § 64.1200(d), Plaintiff and the members of the Internal Do Not Call Class are entitled to damages

under 47 U.S.C. § 227(c)(5) in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as the class representative under Rule 23 of the Federal Rules of Civil Procedure;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 C.F.R. §§ 64.1200(c)(2) and 64.1200(d) and 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from sending telemarketing or solicitation text messages (a) to Plaintiff and members of the National Do Not Call Class whose telephone numbers are registered on the National Do Not Call Registry, and (b) to Plaintiff and members of the Internal Do Not Call Class after receiving their requests to cease such communications;

f) Awarding Plaintiff and the members of the Classes statutory damages of up to $500 for each violation under 47 U.S.C. § 227(c)(5)(B), or their actual monetary loss if greater, and increasing that amount up to three times for each knowing or willful violation as that section permits;

g) Awarding Plaintiff and the Classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

h) Awarding Plaintiff and members of the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

Dated: October 29, 2026

*/s/Jason M. Ingber*

Jason M. Ingber (SBN 318323)
3580 Wilshire Boulevard, Suite 1260
Los Angeles, California 90010-2513
Telephone: (213) 805-8373
Email: jingber@zlk.com

Adam T. Hill*
**LEVI & KORSINSKY, LLP**
500 Fifth Avenue, 42nd Floor
New York, NY 10110
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: ahill@zlk.com

*Counsel for Plaintiff and the proposed class*

**pro hac vice* forthcoming